**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HENRY L. BLACKWELL,          :
                                          Civil Action No. 11-5131 (JAP)
       Petitioner,    :

       v.                       :    **OPINION**

BEVERLY HASTINGS,            :

       Respondent.    :

**APPEARANCES:**

Henry L. Blackwell, Pro Se
#525019
Bayside State Prison
4293 Rt. 47
P.O. Box F-2
Leesburg, NJ 08327

**PISANO, District Judge**

    Petitioner, Henry L. Blackwell, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Subsequent to Respondents having filed their Response, the matter was dismissed for failure to comply with the Local Civil Rule 10.1(a) which requires unrepresented parties to advise the Court of any change of address within seven days of such change. Petitioner has filed a letter (docket entry 21) requesting that the matter be reopened and supplying his new address, and has also filed a motion (docket entry 22) for extension of time to file his traverse and for appointment of counsel.[1]

---

[1] Petitioner is reminded that all papers should be sent to the clerk's office for filing and not to judge's chambers.

At this time, the motion for extension of time to file a traverse will be granted and the request for counsel will be denied, without prejudice.

## BACKGROUND

Petitioner filed this habeas petition, pro se, arguing that his constitutional rights were violated during the course of his state court trial. See Petition, Docket entry 1. As to the request for extension of time, Petitioner states in his motion that due to his transfer to a new facility, he is not in possession of certain personal effects, including his legal documents. He requests additional time in which to prepare his traverse. Additionally, Petitioner seeks appointment of counsel, stating that he "has been diagnosed with suffering from schizophrenia, and a host of other mental disorders." He requests counsel to assist with his traverse due to the fact that and no longer has access to the inmate paralegal at East Jersey State Prison who had previously provided assistance to him. (See Motion, docket entry 22).

## DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding

2

that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings), superseded on other grounds by statute, 28 U.S.C. § 2254(d).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[2] In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Biggins v. Snyder, 2001 WL 125337 at * 3 (D. Del. February 8, 2001)(unpubl.)(citing Reese v. Fulcomer, 946 F.2d at 263-64)(other citations omitted). Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has

---

[2] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Biggins, 2001 WL 125337 at * 3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(unpubl.)(stating that the factors the court should consider in appointing counsel under § 3006A include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims.  In his petition, Petitioner raises only one ground, arguing that he received ineffective assistance of counsel at the trial level because defense counsel did not prepare a mental illness defense.  From the face of the petition, this contention does not appear to be frivolous, and may or may not have merit.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner.  The instant case

appears to be fairly "straightforward and capable of resolution on the record."  See Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  Even though Petitioner alleges schizophrenia and other mental issues, Petitioner has shown his capability to proceed pro se by filing the coherently drafted letters to the Court and the instant motion with attachments.  Petitioner has shown no evidence that he would be unable to draft his traverse.

Further, as a prisoner, Petitioner does have access to the prison law library and a limited ability to investigate the law. See Jones v. Kearney, 2000 WL 1876433 at *2 (D. Del. December 15, 2000)(unpubl.).  Additionally, Petitioner's claims are not complex and are capable of resolution on the record.  This Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).  With regard to Petitioner's claims, the record has been provided by Respondents and provides the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

At this late point in the proceedings, the Court will deny

5

Petitioner's motion to appoint counsel, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.  However, the denial will be without prejudice to Petitioner refiling his motion in the future if necessary to the case.

## **CONCLUSION**

Based on the foregoing, Petitioner's motion will be granted in part and denied in part.  Petitioner will be granted 45 additional days in which to file his traverse.  Petitioner's request for appointment of counsel will be denied.  An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 18, 2012