**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

HENRY L. BLACKWELL,            :
                                        Civil Action No. 11-5131 (JAP)
           Petitioner,         :

           v.                  :   **OPINION**

BEVERLY HASTINGS,              :

           Respondent.         :


**APPEARANCES**:

Petitioner pro se
Henry L. Blackwell
525019
SBI#905875A
Bayside State Prison
4293 Rt. 47
P.O. Box F-2
Leesburg, NJ 08327

Counsel for Respondent
Nathan C. Howe
Somerset County Prosecutor's Office
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876

**PISANO**, District Judge

Petitioner Henry L. Blackwell ("Petitioner"), a prisoner currently confined at Bayside State Prison in Leesburg, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The sole respondent is Beverly Hastings.

For the reasons stated herein, the Petition must be dimissed.

I. BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Defendant Henry L. Blackwell appeals from an order entered by the Law Division on August 28, 2008, which denied his petition for post-conviction relief (PCR). We affirm.
> Defendant was charged under Somerset County Indictment No. 03-09-553 with third-degree possession of a controlled dangerous substance (CDS), contrary to N.J.S.A. 2C:35-10(a)(1). Defendant also was charged under Somerset County Indictment No. 04-02-87 with two counts of armed robbery, contrary to N.J.S.A. 2C:15-1(a)(2). On October 18, 2004, defendant pled guilty to the charges in both indictments and on May 13, 2005, the court imposed an aggregate sentence of fifteen years of incarceration, with a period of parole ineligibility as prescribed in the No Early Release Act, N.J.S.A. 2C:43-7.2.
> Defendant filed an appeal from the judgment of conviction, which was heard on our excess sentence calendar. We entered an order dated February 7, 2006, affirming the trial court's judgment. On July 17, 2006, defendant filed a pro se PCR petition in the Law Division. PCR counsel was assigned for defendant and an amended PCR petition was filed on July 25, 2007. Defendant alleged that he had been denied the effective assistance of counsel because his trial attorney did not pursue a diminished capacity defense and failed to seek findings on certain mitigating factors at sentencing.
> On August 28, 2008, Judge Julie M. Marino filed a written opinion and order denying PCR. This appeal followed.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

(Response to Petition, docket entry no. 18, Ex. 17, Opinion of Appellate Division at 2-3 (December 20, 2010)).

## II.   STANDARD OF REVIEW

The general standard of federal habeas review is long-established, and it sets forth a narrowly-tailored test.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner").

Thus, Section 2254(a) permits a federal court to entertain only claims alleging that a person is held in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The AEDPA further limits a federal court's authority to grant habeas relief by providing that, when a state court has adjudicated a petitioner's federal claim on the merits, a district court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  Parker v. Matthews, 132 S. Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).

Consequently, the starting point of federal habeas review under § 2254(d)(1) is to determine the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). A decision is "contrary to" a Supreme Court holding, within the meaning of 28 U.S.C. § 2254(d)(1), if: (a) the state court outright "contradicts the governing law set forth in [the Supreme Court] cases"; or (b) the state court "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Notably, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (quoting Williams, 529 U.S. at 410).

Correspondingly, the standard posed by federal habeas review "difficult to meet, [since it is a] highly deferential standard for evaluating state-court rulings, [and that standard] demands that state-court decisions be given the benefit of the doubt."

4

Cullen, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

### III.  DISCUSSION

Petitioner raises only one ground for relief in his Petition, that he "received ineffective assistant [sic] of counsel.  Despite having a long history of mental illness, defense counsel did not prepare a mental illness defense for the petitioner."  Petitioner did not participate in a full trial but rather took the state's offer and engaged in a plea agreement.

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary [and] intelligent choice among the alternative courses open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); see also Boykin v. Alabama, 395 U.S. 238, 242 (1969).  "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial[,]" including the defendant's privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers.  Boykin, 395 U.S. at 243.  The voluntariness and intelligence of one's decision to accept a plea is determined by "considering all of the relevant circumstances surrounding it."  Brady v. United States, 397 U.S. 742, 749 (1970).

5

Paramountly, once a voluntary and intelligent guilty plea has been entered by a criminal defendant, all other non-jurisdictional defects in the proceedings prior to the plea are waived, including all claims of "denial of fair trial," inadequacies in conduct of the presiding tribunal, ineffective assistance of counsel – "except insofar as such inadequacies or ineffectiveness is alleged to have rendered the guilty plea itself "involuntary" and/or "unintelligent." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).  As the Supreme Court summarized:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (referring to McMann v. Richardson, 397 U.S. 759 (1970)).

Thus, when a petitioner challenges the voluntariness and/or intelligence of his/her plea based upon allegations of ineffective assistance of counsel, the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), applies. See Hill v. Lockhart, 474 U.S. 52, 58 (1985); see also Premo v. Moore, 131 S. Ct. 733, 737-38 (2011) (identifying Strickland as the clearly established federal law governing a habeas

petitioner's challenge to his conviction obtained through a plea bargain). To obtain relief under <u>Strickland</u>, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. In a plea situation, the focus of <u>Strickland</u>'s performance prong is "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" <u>Hill</u>, 474 U.S. at 56-57 (quoting <u>McMann</u>, 397 U.S. at 771). "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689. Representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused. <u>See</u> <u>Stano v. Dugger</u>, 921 F.2d 1125, 1150-51 (11th Cir. 1991).

To meet <u>Strickland</u>'s prejudice prong in a plea situation, a petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." <u>Hill</u>, 474 U.S. at 59. "It is not enough for [petitioner] to show that the errors had some conceivable effect

7

on the outcome of the proceeding." Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty at all. See Hill, 474 U.S. at 58-59. "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Richter, 131 S. Ct. at 788. As the Richter Court explained:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. (citations omitted).[2]

---

[2] In the recent past, the Supreme Court examined the intersection of voluntariness and intelligence of a criminal defendant's plea agreement and the Strickland standard on numerous occasions. See, e.g., Premo, 131 S. Ct. 733 (holding that an inmate was not entitled to habeas relief based on ineffective assistance of counsel since it was not unreasonable to find that counsel did not perform deficiently by failing to move to suppress a confession before advising the inmate to plead guilty or to find no prejudice in light of a second, admissible confession). Hence, Premo underscored the long-established two-prong principle namely, that: (a) what had or might have occurred during the trial has no relevance to the issue of voluntariness and intelligence of a criminal defendant's decision to take or reject a plea; and (b) a viable challenge to one's decision to take a plea must be based on a showing that, absent counsel's

Petitioner here alleges that he did not receive effective assistance of trial counsel, related only to the assertion that his trial counsel failed to present a defense of mental illness. Petitioner was not subject to a full trial since he plead guilty and accepted the State's plea offer. This issue was thoroughly examined below. During PCR, the trial court held that counsel's performance was not deficient with respect to this issue and the Appellate Division affirmed that finding.

Using the <u>Strickland</u> standard as a guide, the Superior Court of New Jersey Appellate Division held:

> Defendant alleges that he was denied effective assistance of counsel because his trial attorney failed to adequately pursue a diminished mental capacity defense. The record shows that defendant's attorney retained Dr. Daniel P. Greenfield (Greenfield), a forensic psychiatrist, who examined defendant, reviewed certain records and issued a report dated October 1, 2004, in which he diagnosed defendant as suffering from chronic schizophrenia, in partial institutional remission, and polysubstance abuse, in institutional remission. Greenfield opined, within a reasonable degree of medical probability, that the evidence would not support the assertion by defendant of a legal insanity, diminished capacity or intoxication defense.
> In support of his PCR petition, defendant submitted a report from Joel E. Morgan (Morgan), a clinical neuropsychologist, who rendered a report dated May 3, 2007, in which he observed that Greenfield may not have reviewed all of defendant's available medical history when he issued the report. Morgan stated that, based on his examination of defendant, the results of various tests and his review of various records, defendant was suffering from schizophrenia, chronic paranoid type; chronic substance and polysubstance abuse; and dementia, secondary to schizophrenia, head trauma, polysubstance abuse and alcoholism. Morgan opined

---

errors, the defendant would have not pled guilty at all. <u>See</u> <u>Hill</u>, 474 U.S. at 58-59.

9

> "within a reasonable degree of scientific neurophychological [and] psychological certainty" that during the time he committed the armed robberies, defendant suffered from "significant diminished capacity[.]"
>     The PCR court afforded defendant that opportunity to provide Greenfield with copies of any pre-incident records that had not been made available to him prior to the issuance of his October 1, 2004 report. Greenfield reviewed those records and concluded that the new information had no impact on his initial opinion.
>     The PCR court found that Greenberg's handling of the matter could not have been characterized as deficient simply because his opinion differed from Morgan's. We agree. We are satisfied that the PCR court correctly found that defendant's attorney was not deficient because he relied upon Greenfield's report, chose not to seek a second opinion on defendant's mental state at the time he committed the robberies and did not pursue a diminished capacity defense.

(Response to Petition, docket entry no. 18, Ex. 17, Opinion of Appellate Division at 5-6 (December 20, 2010)).

Petitioner here has not shown that "counsel's constitutionally ineffective performance affected the outcome of the plea process." See Hill, 474 U.S. at 59. Petitioner's challenges fail to meet either prong of the Strickland test, since his trial counsel's actions were reasonable, and Petitioner failed to show any prejudice. See id. at 56-59. The state courts' findings were based upon application of the correct Strickland standard. The state court decisions were neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor were they based upon an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: March 28, 2013